UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KAI BARKSDALE,

                                   Plaintiff,

-against-

THE CITY OF NEW YORK, LIEUTENANT
CHRISTOPHER CUNHA, tax # 899097, POLICE
OFFICER WILLMER HERNANDEZ, shield # 5901,

                                   Defendants.

**FIRST AMENDED COMPLAINT**

09 CV 1198 (FB) (MDG)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.      This is an action brought pursuant to 42 U.S.C. § 1983 alleging civil rights violations by the City of New York and New York City Police Officers.  Plaintiff alleges that, on August 2, 2008, several police officers used excessive force upon him and presented false evidence against him in violation of the First, Fourth and Sixth Amendments to the United States Constitution.  Plaintiff seeks compensatory and punitive damages, declaratory relief, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the First, Fourth and Sixth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his claims brought under New York state law.  A notice of claim was duly filed with the City of New York within 30 days after the arrest of plaintiff, more

than 30 days have elapsed since such filing and the City has not made an offer to settle plaintiff's state law claims.

    4.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

    5.    Plaintiff is a resident of the State of New York, County of Kings.

    6.    The City of New York is a municipal corporation organized under the laws of the State of New York.

    7.    Lieutenant Christopher Cunha and Police Officer Willmer Hernandez are New York City Police Officers who were involved in the arrest of plaintiff and the events arising out of plaintiff's arrest. These officers were acting under color of state law and in their capacities as NYPD officers at all relevant times herein. The officers are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The officers are sued in their individual capacities.

## STATEMENT OF FACTS

    8.    Plaintiff lives with his mother and brother at 90 Decatur Street, Brooklyn, New York.

    9.    Plaintiff's mother has cancer.

    10.    Plaintiff provides his mother with financial, physical and emotional support.

    11.    During all times relevant herein, plaintiff was employed as a cleaner for "Tony's Cleaning Company" and also as an entertainer.

12. On August 2, 2008, plaintiff exited his home on Decatur Street at approximately 11:30 p.m. to go to "Ricky's Jamaican Restaurant" to buy his mother something to eat.

13. Plaintiff walked on Throop Avenue toward Fulton Street to get to the restaurant.

14. Plaintiff arrived at the restaurant but it had already closed.

15. Plaintiff turned around and began to walk home.

16. On his way home, plaintiff was confronted by Lieutenant Christopher Cunha who was standing at the corner of Fulton Street and Albany Avenue.

17. Cunha was wearing a white shirt indicating that he was a supervisor.

18. Cunha asked plaintiff where he was going.

19. Plaintiff told Cunha that he was returning to his "crib."

20. Cunha laughed at plaintiff's use of a slang word for home.

21. Cunha then told plaintiff that he could not walk down Throop Avenue because of a block party that had turned rowdy.

22. Plaintiff asked Cunha which way he could walk to return home.

23. Cunha became hostile.

24. Plaintiff asked Cunha for his badge number.

25. Cunha grabbed plaintiff's right arm and handcuffed his right wrist excessively tight.

26. To prevent Cunha from hurting him any further, plaintiff voluntarily put his left arm behind his back and gave it to Cunha to handcuff.

27. Cunha twisted plaintiff's handcuffed arms and, along with a second officer, struck plaintiff's left arm and left leg several times with batons.

28. Cunha then brought plaintiff across the street to a police car.

29. While crossing the street, Cunha stated in sum and substance "You niggers think you're fucking smart. I should break the arm you used to try to take my badge number."

30. As the two men walked to the car, Cunha lifted up plaintiff's arms by the handcuffs and tripped plaintiff injuring his left wrist.

31. When plaintiff and Cunha arrived at the car, plaintiff asked Cunha to loosen the cuffs.

32. In response, Cunha slammed plaintiff's face into the side of the car two times.

33. Cunha then threw plaintiff into the rear of the police car.

34. After plaintiff landed in the rear of the car, Cunha and several other officers struck plaintiff on his body several times with their hands, feet and batons.

35. Two unidentified officers brought plaintiff via police car to the 79th Precinct.

36. Upon arriving at the precinct, the officers brought plaintiff in front of the desk officer.

37. Plaintiff informed the desk officer that he had marijuana in his pocket.

38. Officer Willmer Hernandez was assigned to be plaintiff's "arresting officer."

39. Officer Hernandez, pursuant to a conspiracy with Cunha, falsely charged plaintiff with disorderly conduct.

4

40. Officer Hernandez completed police reports correctly charging plaintiff with possession of marijuana and falsely charging plaintiff with disorderly conduct.

41. On August 3, 2008, officers brought plaintiff to Brooklyn Central Booking.

42. While plaintiff was confined in Central Booking, Officer Hernandez, pursuant to a conspiracy with Cunha, misrepresented to the Kings County District Attorney's Office that plaintiff was disorderly on August 2, 2008.

43. Plaintiff was formally charged with possession of marijuana and disorderly conduct.

44. On August 4, 2008, plaintiff was arraigned in Criminal Court, Kings County.

45. The criminal charges were adjourned in contemplation of dismissal.

46. After plaintiff was released from custody, he went to Interfaith Hospital.

47. A doctor x-rayed plaintiff's wrist.

48. Plaintiff's arm was placed in a soft cast and he was given a prescription for a sling and painkillers.

49. Plaintiff went for follow-up treatment at Downstate Hospital's Orthopedic Clinic.

50. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered an injured wrist, bodily injuries, a loss of liberty, emotional distress, mental anguish, and fear. Further, plaintiff was unable to work as a cleaner and an entertainer because of his injured wrist and lost income and job opportunities. Plaintiff also incurred a significant amount of medical expenses.

**PLAINTIFF'S FEDERAL CLAIMS AGAINST
LIEUTENANT CHRISTOPHER CUNHA AND
POLICE OFFICER WILLMER HERNANDEZ**

51. Plaintiff repeats the foregoing allegations.

52. The conduct of defendants, as described herein, amounted to retaliation for the exercise of free speech, excessive force and fabrication of evidence in violation of 42 U.S.C. § 1983 and the First, Fourth and Sixth Amendments to the United States Constitution.

**PLAINTIFF'S FEDERAL CLAIM AGAINST
THE CITY OF NEW YORK**

53. Plaintiff repeats the foregoing allegations.

54. The City of New York directly caused the constitutional violations suffered by plaintiff.

55. Upon information and belief, the City of New York, at all relevant times, was aware that the officers involved in the present case are unfit officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

56. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth and Sixth Amendments to the United States Constitution.

### PLAINTIFF'S STATE LAW CLAIMS AGAINST LIEUTENANT CHRISTOPHER CUNHA AND POLICE OFFICER WILLMER HERNANDEZ

57. Plaintiff repeats the foregoing allegations.

58. The conduct of the defendants, as described herein, amounted to assault and battery in violation of New York state law.

### PLAINTIFF'S STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK

59. Plaintiff repeats the foregoing allegations.

60. Because the individual defendants and the other officers who assaulted and battered plaintiff were acting within the scope of their employment as New York City Police Officers, the City of New York is vicariously liable under state law for assault and battery.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as this Court may deem just and proper.

DATED:    November 17, 2009
              Brooklyn, New York

/s/
_____
RICHARD J. CARDINALE
Attorney at Law
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391